# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AUTO-OWNERS INSURANCE CO.,** | ] |
| **Plaintiff/Counter-Defendant,** | ] |
| v. | ] |
|  | ] **CV-15-BE-2188** |
| **BRIAN MORRIS, and CHERISE MORRIS,** | ] |
| **Defendants/Counter-Plaintiffs.** | ] |

## MEMORANDUM OPINION

This declaratory judgment case involves the question of whether an Auto-Owners Insurance Company policy provides coverage for damage resulting from a motorcycle wreck involving the Defendants/Counter-Plaintiffs, Brian Morris and Cherise Morris.  The case comes before the court on the "Motion to Dismiss pursuant to Federal Rule of Civil Procedure 19(b)" filed by the Morrises.  (Doc. 10).  Plaintiff/Counter-Defendant, Auto-Owners Insurance Co., responded to the motion (doc. 15) and attached the affidavit of Todd Simpson (doc. 15-1) and a copy of a Complaint that the Morrises filed in the Circuit Court of Calhoun County (doc. 15-2). The Morrises filed a reply (doc. 17).  This motion has received thorough briefing.  For the reasons stated in this Memorandum Opinion, the court *sua sponte* WILL TAKE JUDICIAL NOTICE of the referenced Complaint in state court (doc. 15-2); and WILL DENY the Motion to Dismiss.

1

# I. LEGAL STANDARD

The Defendants bring the motion to dismiss pursuant to Rule 19(b), asserting that Parnell Insurance Agency, Inc. is an indispensable party and cannot be joined. More accurately, they bring this motion pursuant to Rule 12(b)(7), which provides that a party may present by motion the defense that the complaint should be dismissed "for failure to join a party under Rule 19." Fed. R. Civ. P 12(b)(7). District courts addressing a motion to dismiss under Rule 12(b)(7) and Rule 19 undergo a two-step inquiry. The first step is deciding whether the absent party is a "required party" within the meaning of Rule 19. *See Molinos Valle del Cibao v. Lama,* 633 F.3d 1330, 1344 (11th Cir. 2011). If the absent party is "required" and can be joined, then "the court must order that the person be made a party." Fed. R. Civ. P 19(a)(2). In step two, if the absent party is "required" but cannot be joined, then the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

To make this decision, the district court considers the factors listed in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b) (1)-(4). The court may look not only at the pleadings but also at evidence

that the parties present. *See Estes v. Shell Oil Co.,* 234 F.2d 847, 849 n. 5 (5th Cir. 1956).[1]

## II. DISCUSSION

In their counter-claim, the Morrises assert three counts against Auto-Owners: (1) a claim for uninsured/underinsured motorist benefits; (2) a claim for breach of contract; and (3) a claim for reformation of the contract with Auto-Owners to provide coverage to Brian and Cherise Morris. In their motion to dismiss, the Morrises assert that Parnell Insurance Agency, Inc. was "a general agent acting on behalf of Auto-Owners" who allegedly altered their insurance contract by changing the named insured without their permission or knowledge. They claim that the change negatively affected the coverage for uninsured/underinsured motorist benefits to pay for injuries both Morrises suffered as a result of a motorcycle accident. As noted earlier, they assert that this court must dismiss the case because the Parnell Agency is a required party under Rule 19, but that joinder of the Parnell Agency is not feasible because such a joinder would defeat diversity jurisdiction.

Auto-Owners responds that the action is a coverage issue on an insurance contract, and that, because the Parnell Agency is not a party to the contract made the basis of this suit, it is not a "required party" within the meaning of Rule 19.

### A. Step One: Is the Parnell Agency a "Required Party?"

In Step One of the 12(b)(7) and Rule 19 analysis, the court must determine whether the Parnell Agency meets the definition of Rule 19. One of the documents that Auto-Owners presents documents to oppose the motion to dismiss is an unauthenticated copy of what purports

---

[1] The Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit decided before October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3

to be a Complaint that the Morrises filed on March 10, 2016 against Auto-Owners, the Parnell Agency, and fictitious parties in the Circuit Court of Calhoun County. (Doc. 15-2). As noted above, this court may consider documents submitted supporting and/or opposing a motion under Rule 12(b)(7) without transforming that motion into one for summary judgment. However, the fact that this court may consider the documents generally does not mean that their content is not subject to other objections.

In their reply, Defendants do not dispute that this document is a true and correct copy of that state court complaint. Further, the court has separately obtained a copy of that complaint and has been able to verify that the document filed in this case is an accurate copy of the state court complaint. Although no motion is before the court about taking judicial notice of the court document, the court considers taking this action *sua sponte.*

In addressing whether a court properly takes judicial notice of the nature or substance of court filings and other legal documents, the Eleventh Circuit has distinguished between taking judicial notice of the fact that court records or court rulings *exist* versus taking judicial notice of the *truth* of matters stated within those court records or court rulings. The Court of Appeals explained that

> "a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Accordingly, a court may take notice of another court's order only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.

*United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (citations omitted) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992) (internal quotation marks omitted). Therefore, this court *sua sponte* WILL TAKE JUDICIAL NOTICE of

the existence of the complaint in Calhoun County, and FINDS that a true and correct copy of that state court complaint was filed as Exhibit 15-2, but this court will not take judicial notice that the allegations in that complaint are true.

The court must next determine whether the Parnell Agency meets the definition of Rule 19.  Rule 19(a)(1) defines a "required party" as follows:

> ***Required Party.***  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

This lawsuit involves a coverage issue on an insurance contract. The alleged indispensable party—which the current Rule 19 calls instead the "required" party—is the Parnell Agency.  No dispute exists regarding whether the Parnell Agency was a party to the contract made the basis of the Complaint for Declaratory Judgment: it was not.  Further, no dispute exists whether the Parnell Agency was a party to the contract originally issued to the Morrises: it was not.  The Parnell Agency's conduct is certainly relevant to the coverage issue, but, under the circumstances of this case, the court can accord complete relief on that coverage issue without the Parnell Agency's being joined as a party.  Further, the Parnell Agency, as the insurance agent that was not a party or beneficiary to any referenced insurance contract, could not claim an

interest in any such insurance contract or benefits paid under it. Accordingly, as to the Complaint for Declaratory Judgment, the Parnell Agency would not qualify as a "required party" under paragraph (A) or (B) of Rule 19(a)(1).

The court recognizes that the Morrises have filed a counter-claim on the same coverage issues, asserting breach of the insurance contract between the parties, and entitlement to uninsured/underinsured motorist benefits as well as contract reformation based on the alleged misconduct of the Parnell Agency. However, once again, the Morrises do not allege that the Parnell Agency was a party to any of the contracts under which they claim benefits nor do they allege that it claims any interest in such contracts or any benefits due under them. Accordingly, as to the counter-claim, the Parnell Agency would not qualify as a "required party" under paragraph (A) or (B) of Rule 19(a)(1).

The Morrises provide no law that says otherwise. The court acknowledges their claim that the Parnell Agency is guilty of misconduct that bound Auto-Owners, and that its wrongful actions changed what is covered under the insurance contract. What the Morrises ignore, or perhaps do not understand, is that they can litigate such coverage issues without the presence of the Parnell Agency as a party to this lawsuit because the Parnell Agency is not a party to any referenced contract and claims no interest in the benefits of any such contract. In short, the complete resolution of the declaratory judgment action and counter-claim does not require the presence of the Parnell Agency. The court FINDS that the Parnell Agency is not a "required party" within the meaning of Rule 19. Having so found, the court need not proceed to step two of the 12(b)(7) and Rule 19 analysis.

### B. Supplemental Jurisdiction in a Diversity Case

Although the Morrises incorrectly characterized the Parnell Agency as an indispensable party, what they apparently want is to have all parties who potentially wronged them in one lawsuit.  From their point of view, *either* Auto-Owners *or* the Parnell Agency owes them for the amount of uninsured/underinsured insurance benefits. If the current insurance contract does not provide such benefits they claim to have procured because of the agent's alleged misconduct in changing named beneficiaries, then they want the insurance agent to pay the amount they were damaged from the change.  The Morrises may be wrong or right in claiming that one of those two entities is necessarily liable to them, but that issue is one addressing the merits, not Rule 19.  The disconnect with the Morrises' argument is that they assume they cannot file a third party complaint against the Parnell Agency and bring it into this federal lawsuit because they also assume that action would destroy diversity.  Because of those assumptions, they ask this court to dismiss the lawsuit so that they can pursue an action in state court including both the Parnell Agency and Auto Owners.  However, the Morrises' assumptions are wrong.

This federal court has diversity jurisdiction over this case based on the Complaint for Declaratory Judgment filed by Auto-Owners, a Michigan company, against the Morrises, who are citizens of Alabama.  Contrary to the Morrises' assumption, this court *could* exercise supplemental jurisdiction over any third-party complaint they filed against the Parnell Agency, even though it is an Alabama company, as long as the claim in that third-party complaint is so related to claims in the original Complaint that they "arise out of a common nucleus of operative fact" and thus, form part of the same case or controversy that exists in the original case.  See *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006).

The statute that governs supplemental jurisdiction, 28 U.S.C. § 1367, reads as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Section 1367(b) provides that "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule[ ] 14..."   28 U.S.C. § 1367(b).

Circuit Courts of Appeal that have addressed this issue find that the word "plaintiffs" in § 1367(b) refers to the original plaintiff in a suit and does not refer to a defendant who brings a third-party claim. *See, e.g., Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC,* 730 F.3d 67, 73 (1st Cir. 2013) (finding that the "plaintiff" in 28 U.S.C. § 1367(b) refers to the original plaintiff and not to a defendant who is also a third-party plaintiff); *State Nat'l Ins. Co. v. Yates,* 391 F.3d 577, 580 (5th Cir. 2004) (finding that the case did not fall within § 1367(b) because the defendant's claims against a person who was made a party under Rule 19 or 20 "are *not* claims by a *plaintiff*."); *Grimes v. Mazda  N. Am. Operations,* 355 F.3d 566, 572 (6th Cir. 2004) (rejecting the plaintiff's argument that defendant's bringing a claim against a non-diverse third party destroyed diversity jurisdiction, explaining: "[i]t is well settled that supplemental jurisdiction exists over a properly brought third-party complaint."); *Viacom Int'l v. Kearney,* 212 F.3d 721, 726-27 (2d Cir. 2000) (explaining that "§ 1367(b) reflects Congress' intent to prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity"); *United Capital Ins. Co. v. Kapiloff,* 155 F.3d 488, 492 (4th Cir. 1998) (finding that §

1367(b) does not prevent the declaratory judgment defendants' assertion of claims against nondiverse insurance brokers); *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.,* 54 F.3d 156, 160-61 (3d Cir. 1995) (stating that § 1367(b) limits supplemental jurisdiction of claims of plaintiffs, not defendants); *see also Aurora Loan Servs., Inc. v. Craddieth,* 442 F.3d 1018, 1025 (7th Cir. 2006) (addressing supplemental jurisdiction when a non-diverse party intervened and finding that federal jurisdiction is determined as of the date the complaint is filed and that § 1367(b)'s purpose of preventing plaintiffs from subsequently bringing in parties to circumvent the requirement of complete diversity did not apply to the intervening plaintiff who was not and could not have been "an original plaintiff"). As the First and Sixth Circuits have explained, "[t]his holding is consistent with Congress's intent that section 1367(b) should 'prevent original plaintiffs—but not defendants or third parties—from circumventing the requirements of diversity.'" *Allstate Interiors & Exteriors,* 730 F.3d at 73 (quoting *Grimes,* 355 F.3d at 572).

In the instant case, the original Plaintiff, Auto-Owners, brought the Morrises into federal court involuntarily. Thus, the Morrises' desire to assert claims against a non-diverse third party would not be the type of suspect action that Congress intended to block in § 1367(b). That statute would not operate to withdraw federal jurisdiction if the Morrises did assert claims against the Parnell Agency. Further, at this point, the court knows of no reason why the considerations listed in § 1367(c) would cause it to decline to exercise jurisdiction over a third-party claim against the Parnell Agency.

While the court has found that the Parnell Agency is not a "required" party under Rule 19, that finding does not mean that any claims asserted against the Parnell Agency would fail to "arise out of a common nucleus of operative fact." *See Parker,* 468 F.3d at 743 (using that language to

define when claims are part of the same case or controversy within the meaning of Article III). Cases arise out of a common nucleus of operative fact when "[t]hey will involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar facts." *Palmer v. Hospital Author. of Randolph Cnty.,* 22 F.3d 1559, 1563 (11th Cir. 1994).

In the instant case, the employees of the Parnell Agency, as the agent facilitating insurance, would logically be called as witnesses to provide testimony and evidence in this insurance coverage dispute. Similarly, overlap would logically exist between that testimony and evidence for the claims in the original Complaint asserting a coverage dispute and for the Morrises' proposed claim against the Parnell Agency asserting its wrongfully changing the insured on the insurance policy without their permission. The court need not and could not make a determination at this point regarding whether any claim asserted against the Parnell Agency would meet the "common nucleus" test, as such a claim has not yet been presented to the court. The court does note that overlap, however, and also notes that, as no scheduling order yet exists, the deadline for adding parties has not yet been set; thus, the time for the Defendants to add parties has not expired.

For all of these reasons, the court FINDS that the motion to dismiss is due to be DENIED.

Dated this 10th day of June, 2016.

_Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE